IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                    :
                                          :     CASE NO. 5-11-bk-04952-RNO
GREGORY M. ADALIAN                        :
                                          :     CHAPTER 7
                      Debtor              :
                                          :
                                          :
*********************************         :     ******************************
                                          :
                                          :
EMERSON M. F. JOU,                        :
                                          :
                      Plaintiff           :
                                          :
         v.                               :
                                          :
GREGORY M. ADALIAN,                       :
                                          :
                                          :
                      Defendant           :     ADVERSARY NO. 5-11-ap-00480-RNO

## OPINION[1]

Presently pending before the Court is a Motion to Dismiss filed by the Debtor/Defendant,

Gregory M. Adalian ("Adalian" or "Debtor"). The Motion seeks to dismiss the Adversary

Complaint filed by the Plaintiff, Emerson M. F. Jou ("Jou" or "Plaintiff"). For the reasons stated

herein, the Motion to Dismiss is denied in part and granted in part.

**I.      Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This

is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

---

[1]      Drafted with the assistance of Ryan B. White, Esquire, Law Clerk.

## II.     Facts and Procedural History

On July 14, 2011, Adalian filed a petition under Chapter 7 of the Bankruptcy Code. Several months later, on November 1, 2011, this Adversary Proceeding was commenced by Jou who has filed a Complaint seeking a determination of non-dischargeability of certain debts pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6) as well as a denial of discharge under 11 U.S.C. §§ 727(a)(3), (4) and (5).[2] The debt that Jou seeks to be held non-dischargeable relates to two notes executed between the Parties in the early 1990's. I note that at no point in this part of this Opinion am I making any law of the case. Here, I am merely narrating the facts as they have been alleged.

Jou and Adalian were initially partners in SCV Development, a California Limited Partnership ("SCV Development"). Adalian was the General Partner and Jou was a Limited Partner. Jou claims to have invested approximately $282,000 in SCV Development. He also alleges that on March 1, 1991, Adalian borrowed $70,000 from him and two other individuals. Ostensibly, the money was to be used solely to meet partnership obligations. Jou's share of this note was $50,000. As security for the note Adalian assigned to Jou and the two other lenders his interest in certain vacant land in Pasadena, California as well as his interest in an "ABS partnership."

Subsequently, on August 3, 1992, Adalian borrowed an additional sum of $50,000 from Jou. Again, the money was purportedly to provide funds so that Adalian could continue to meet partnership obligations. As security for this note, Adalian again assigned to Jou his interest in

---

[2]     Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

2

the Pasadena property and ABS Partnership. As additional security, Adalian assigned his interest in SCV Development.

The notes were never repaid, and the loan funds were allegedly used for purposes other than to meet the partnership obligations. Jou claims that the vacant land in Pasadena, was never quitclaimed to him by Adalian as was required by the terms of notes. Adalian also allegedly transferred all of his interest in SCV Development to a third party without notifying Jou, who was protected by a written assignment of those interests and by Adalian's fiduciary obligation as a General Partner under California law.

The parties have been disputing this debt for some time now. Prior to the bankruptcy Jou filed a civil action against Adalian in the United States District Court for the District of Hawaii, case # 1:09-cv-00226-JMS-KSC for various counts including a money judgment for amounts unpaid on various notes, plus counts for fraud. ("Hawaii Litigation").

## III. Discussion

### A. Standard to Decide a Motion to Dismiss Under F.R.B.P. 7012(b)

Federal Rule of Bankruptcy Procedure 7012(b) incorporates, and makes applicable to bankruptcy adversary proceedings, Rules 12(b)-(i) of the Federal Rules of Civil Procedure. Rule 12(b)(6) requires dismissal of a complaint which fails to state a claim upon which relief can be granted. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a), made applicable by Fed. R. Bankr. P. 7008. Factual allegations in the complaint should be treated as true and construed in the light most favorable to the non-moving party. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1410 (3d Cir. 1991).

The standards for considering a dismissal motion under Rule 12(b)(6) have been discussed at length in two fairly recent Supreme Court decisions. In 2007, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) was decided. Its holding was clarified by the Court two years later in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Twombly*, the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". *Twombly* at 555 (quotations and citations omitted). The Court further elaborated in *Iqbal* that a complaint requires more than naked assertions devoid of factual enhancement, it must be plausible on its face:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal* at 1949 (internal citations and quotations omitted).

**B.      Pleading Requirements for Allegations of Fraud Under F.R.B.P. 7009**

As the instant Complaint includes allegations of fraud, it is first helpful to review the heightened pleading requirements for claims that allege fraud. Federal Rule of Civil Procedure 9(b), as incorporated in Federal Rule of Bankruptcy Procedure 7009, applies to a complaint where fraud is plead. Rule 9(b) requires the party alleging fraud to "state with particularity the circumstances constituting fraud". Fed. R. Civ. P. 9(b). The Third Circuit has explained that a complainant "should accompany her pleading with "'the first paragraph of any newspaper story'

4

–that is, the 'who, what, when, where and how' of the events at issue." *In re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d 198, 217 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1422 (3d Cir. 1997).

This heightened pleading standard for fraud allegations furthers important purposes. For example, it gives defendants notice of the claims against them, provides increased protection for their reputations, and reduces the number of frivolous suits brought to compel settlements. *In re Rockefeller Center* at 217. However, the specificity required can be met "through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004) (quoting *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). Still, Rule 9(b) should not be applied without limit. The rule should be applied with some flexibility; "courts should be 'sensitive' to the fact that application of the Rule prior to discovery 'may permit sophisticated defrauders to successfully conceal the details of their fraud.'" *In re Burlington* at 1418 (citing *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 284 (3d Cir. 1992)).

### C.    Counts of Dischargeability Under § 523

The first three Counts of the Complaint assert causes of action under § 523(a)(2) for false pretenses, representation or fraud; § 523(a)(4) fraud as a fiduciary or embezzlement; and, § 523(a)(6) for willful and malicious injury. Adalian has argued that applicable statutes of limitation bar all of these claims under California law, where the notes were executed. California has a four year statute of limitations to commence an action under a written contract and a three year limitation to commence an action for fraud. See generally, Cal. Civ. Proc. Code §§ 337 and 338 (West). When considering the timeliness of dischargeability actions, bankruptcy

5

courts have developed a two-step inquiry. A debt must first be established and second it's dischargeability is adjudicated. The first inquiry, the establishment of the debt, addresses any underlying state statutes of limitation; and second, "the nature and ultimate decision as to the dischargeability of such debt, is solely governed by the limitations periods established by bankruptcy law." *In re Glunk*, 343 B.R. 754, 761 (Bankr. E.D.Pa. 2006) (citing *In re Gergely*, 110 F.3d 1448 (9th Cir. 1997); *In re McKendry*, 40 F.3d 331 (10th Cir. 1994); and, *In re Banks*, 225 B.R. 738, 745 (Bankr. C.D.Cal. 1998).

If a statute of limitations defense exists under state law, it is applicable within the first inquiry; whether the debt is established. Jou and Adalian dispute whether the debt has been properly established. Previously, Adalian filed an adversary proceeding within this bankruptcy case, Adversary Case Number 11-ap-00436. Therein, Adalian sought a temporary restraining order and/or a preliminary injunction to restrain Jou's collection attempts, which included an action in the U.S. District Court for the District of Hawaii. That adversary proceeding was settled by the parties. There, they agreed that the automatic stay would remain in effect until a final determination of whether or not Jou's claim against Adalian is discharged. In accordance with their settlement, I will not here address whether a debt has been properly established. Consequently, I will not address the underlying state statute of limitation defenses. To the extent that I may find the obligation nondischargeable, the applicability of those defenses and the amount of the debt may be fixed within the Hawaii Litigation that has currently been stayed. See *In re Antonious*, 358 B.R. 172, 176 (Bankr. E.D.Pa. 2006).

As to the second inquiry, the timeliness of a dischargeability action falls under the requirements found in the Federal Rules of Bankruptcy Procedure. Rule 4007(c) addresses the

limitation period for filing an adversary complaint to determine dischargeability under

§§ 523(a)(2), (4), and (6). The rule requires a dischargeability complaint to be filed no later than

sixty days after the first date set for the meeting of creditors. See Collier on Bankruptcy

4007.04[1][a] (16th rev. ed.). The first meeting of creditors in this case was set for September 2,

2011. The last day to file a complaint to determine dischargeability in this case was November

1, 2011. Thus, the Complaint was timely when it was filed on November 1, 2011. The Motion

to Dismiss Counts I, II, and III as not timely filed is denied.

### 1. Count One, Dischargeability Under § 523(a)(2)

Generally, dischargeability under § 523(a) as a matter of policy is strictly construed

against creditors and liberally construed in favor of debtors because of the overriding bankruptcy

purpose of granting debtors a fresh start. See *Antonious* at 181. The first count of the Complaint

requests that Jou's claims against Adalian be found non-dischargeable pursuant to § 523(a)(2).

Section 523(a)(2)(A) provides that a debt is non-dischargeable where it is:

> (2) for money, property, services, or an extension, renewal, or
> refinancing of credit, to the extent obtained by—
> > (A) false pretenses, a false representation, or actual
> > fraud, other than a statement respecting the debtor's
> > or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A). Generally, proving a § 523(a)(2)(A) exception to discharge requires a

showing that: (1) the debtor made representations knowing they were false; (2) the debtor made

the representations with the intent and purpose of deceiving the plaintiff; (3) the creditor

justifiably relied on the debtor's false representations; and, (4) the creditor suffered a loss or

damage as a proximate consequence of the representations having been made. See *In re*

*Antonious* at 182; *In re Burns*, 2008 WL 2782661 *3 (Bankr. M.D.Pa. 2008). These elements of

7

fraud must be proven by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 290, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The false pretense or misrepresentation must be both material and made with the intent to deceive the party to whom it was directed. See *Field v. Mans*, 516 U.S. 59, 68, 116 S.Ct. 437, 442–43, 133 L.Ed.2d 351 (1995). "A 'false pretense' is an implied misrepresentation or conduct which creates and fosters a false impression, as distinguished from a 'false representation' which is an express misrepresentation." *Antonious* at 182 (quoting *In re Haining*, 119 B.R. 460, 463-464 (Bankr. D.Del. 1990). Collectively, it is any series of events that create a contrived and misleading understanding of a transaction, in which a creditor is wrongly induced to extend money or property to the debtor. *Antonious* at 182, referencing *In re Barr*, 194 B.R. 1009, 1019 (Bankr. N.D.Ill. 1996). A false pretense is fostered willfully, knowingly, and by design; it is not the result of inadvertence. *Antonious* at 182. Ultimately, a bankruptcy court may look to the totality of the circumstances, including the recklessness of a debtor's behavior, to infer a debtor's intent to deceive. *In re Hildreth*, 2011 WL 1332036, *6 (Bankr. M.D. Pa. 2011), quoting *In re Miller*, 39 F.3d 301, 305 (11th Cir. 1994) as cited in *In re Cohn*, 54 F.3d 1108, 1119 (3d Cir. 1995) (in regard to a false financial statement under § 523(a)(2)(B)).

The allegations of fraud under § 523(a)(2) are found in paragraphs 22 through 64 of the Complaint. Jou's Complaint alleges that Adalian defrauded him on two occasions, both with respect to the initial obligation. First, Jou was allegedly defrauded while entering into an agreement with respect to two notes, executed in 1991 and 1992. And, second, while attempting to settle litigation related to the notes in Hawaii in 2010. Jou represents that Adalian was a general partner of SCV Development in which Jou was a limited partner. He then alleges that

8

Adalian fraudulently induced him to lend money under the 1991 and 1992 notes for the purpose of meeting partnership obligations. Ultimately, the money was not used for that purpose. Jou also alleges that Adalian falsely entered into a settlement agreement in the Hawaii litigation, which he never had any intention of paying.

Construing the Complaint in the light most favorable to Jou, the Complaint is deficient of specific allegations showing either express misrepresentations, or a sufficient description of circumstances that show conduct creating or fostering a false impression. As explained above, allegations of fraud must be plead with particularity. What particular false representations were made to Jou at the time the loans were made? Or, what particular conduct created a false impression to him? It is not sufficient to merely imply that a fraud occurred. A complaint must demonstrate the plausibility of its claims. The Complaint has plead facts that are merely consistent with Adalian's liability, however, it has stopped short of demonstrating the plausibility of these claims. The Complaint has not alleged specific statements or circumstances showing false pretenses or representations were made at the time of, or prior to the execution of the notes. Nor, has the Complaint alleged specific statements or circumstances that demonstrate Adalian had an intent and purpose to deceive. While the Complaint does make general representations that Adalian failed to fully comply with his obligations under the notes and the settlement, these general representations alone are insufficient to support a claim under § 523(a)(2)(A). Accordingly, the Motion to Dismiss is granted as to the claim under § 523(a)(2).

## 2. Count Two, Dischargeability Under § 523(a)(4)

Section 523(a)(4) provides that a debt is nondischargeable where it is for (1.) fraud or defalcation while acting in a fiduciary capacity; (2.) embezzlement while acting in any capacity;

Case 5:11-ap-00480-RNO   Doc 10   Filed 06/07/12   Entered 06/07/12 15:44:55   Desc
Main Document   Page 9 of 21

or, (3.) larceny while acting in any capacity. See 11 U.S.C. § 523(a)(4); see also *In re Hatch*, 2009 WL 3208694, *5 (Bankr. E.D.Pa. 2009). Nondischargeability based on fraud or defalcation requires proof that the debtor was acting in a fiduciary capacity. On the other hand, nondischargeability based on embezzlement or larceny does not. See *In re Tyson*, 450 B.R. 514, 522 (Bankr. E.D.Pa. 2011) and *In re Hatch* at *5. The burden is on the creditor to prove the elements of the claim by a preponderance of the evidence. *Grogan* at 291. Jou's second count seeks a determination that Adalian's debt be found nondischargeable because it was attained by fraud or defalcation while acting in a fiduciary capacity and through embezzlement.

To prevail under the first prong of § 523(a)(4), a plaintiff must prove that, while acting in a fiduciary capacity, the debtor engaged in fraud or defalcation. See *Tyson* at 522, citing *In re Marques*, 358 B.R. 188, 194 (Bankr. E.D.Pa. 2006). Federal law governs when determining whether a debtor acted in a fiduciary capacity for purposes of § 523(a)(4). *In re Baillie*, 368 B.R. 458, 469 (Bankr. W.D.Pa. 2007). In the dischargeability context, a "fiduciary" should be narrowly construed. See *In Re Hilton L. Stein, LLC*, 2011 WL 1299985, *5 (Bankr. N.J. 2011). Although it is not dispositive, state law is relevant to this issue. *Fowler Brothers v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996). The court must find that the money or property at issue was entrusted to the debtor in a pre-existing express or technical trust. *In re Baillie* at 469, citing *Commonwealth Land Title Company v. Blaszak (In re Blaszak)*, 397 F.3d 386, 391 (6th Cir. 2005).

Under § 523(a)(4), fraud requires intentional deceit, rather than implied or constructive fraud. See *Tyson* at 522. "Defalcation occurs for purposes of § 523(a)(4) when a fiduciary misappropriates or fails to account for money or other property held in trust for another. Even an

10

'innocent' default by a fiduciary who fails to fully account for money received qualifies as defalcation in this context." *In re Baillie* at 469 (*citing Lewis v. Scott (In re Lewis*), 97 F.3d 1182, 1186 (9th Cir. 1996)).

The second prong of § 523(a)(4) requires embezzlement while acting in any capacity. "Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *In re Hatch* at *6 (quoting *Borchardt v. Ferrell (In re Ferrell)*, 2006 WL 1997423, * 9 (Bankr. E.D.Pa. 2006). Establishing embezzlement also requires a showing of fraudulent intent. *In re Giarratano,* 299 B.R. 328, 337 (Bankr. D.Del. 2003) (aff'd by *In re Giarratano*, 358 B.R. 106 (D.Del. 2004)).

Jou was allegedly a Limited Partner in SCV Development; Adalian was the General Partner. Jou alleges that Adalian was a fiduciary in that capacity and he borrowed funds for the specific purpose of paying partnership obligations. The funds were then used for other purposes. The Ninth Circuit has held that under California law, partners are fiduciaries to each other under § 523(a)(4). See *Ragsdale v. Haller*, 780 F.2d 794, 796-7 (9th Cir. 1986); and, *In re Short*, 818 F.2d 693, 695 (9th Cir. 1987). Thus, the Complaint has sufficiently alleged a claim for relief under § 523(a)(4). Adalian was a fiduciary to Jou, and as a fiduciary, he allegedly misappropriated funds by failing to use them for partnership purposes. Accordingly, the Motion to Dismiss the Second Count is denied.

### 3.      Count Three, Dischargeability Under § 523(a)(6)

The third count of the Complaint alleges that Jou's claims against Adalian should be found nondischargeable pursuant to § 523(a)(6), which excepts from a debtor's discharge any

11

debt "for willful and malicious injury by the debtor. . .". Again, the burden is on the creditor to prove the elements of the claim by a preponderance of the evidence. *Grogan* at 291.

In *Kawaauhau v. Geiger*, the Supreme Court discussed the meaning of "willful and malicious injury." 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The Court noted that "[t]he section's word 'willful' modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely, […] a deliberate or intentional act that leads to injury." *Id*, at 61. The Third Circuit has explained that "[a]n injury is willful and malicious under the Code only if the actor purposefully inflicted the injury or acted with substantial certainty that injury would result." *Conte v. Gautam*, 33 F.3d 303, 305 (3d Cir. 1994). Courts have found that a willful injury can be established by indirect evidence of both the debtor's knowledge of the creditor's rights and the debtor's knowledge that the conduct will cause particularized harm. *In re Glenn*, 2012 WL 957492, *4 (Bankr. M.D.Pa. 2012) quoting *In re Paul*, 266 B.R. 686, 696 (Bankr. N.D.Ill. 2001). The term "malicious", in nondischargeability proceedings, refers to "injuries that are wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." See *In Re Nader*, *6 2012 WL 1614856 (Bankr. D.N.J. 2012) quoting *In re Coley*, 433 B.R. 476, 498 (Bankr. E.D.Pa. 2010).

The Complaint's allegations under § 523(a)(6) are found in paragraphs 79 through 109. Jou essentially claims that Adalian injured him through a series of transfers of property which placed his assets out of Jou's reach. The allegations primarily refer to transfers of Adalian's own property. While these transfers may have made Adalian incapable of repaying Jou, and thus injuring him in some sense, they do not rise to a § 523(a)(6) claim. A "Debtor's transfer of his own property does not result in a Section 523(a)(6) nondischargeability claim." *In re Picard*,

339 B.R. 542, 554 (Bankr. D.Conn. 2006), see also *In re Watman*, 2000 WL 35916015, *3 (1st Cir. B.A.P. 2000).

Moreover, the Complaint fails to show that any of Adalian's acts were made deliberately or intentionally to injure Jou; it merely alleges that the acts led to injury by placing assets outside of Jou's reach. An act that merely leads to an injury is insufficient, "nondischargeability takes a deliberate or intentional injury" *Kawaauhau* at 61.

Finally, the Complaint does not even posit that the alleged willful and malicious acts actually created any debt to Jou. It merely suggests that the acts made recovery for other debts more difficult. The plain language of the statute excepts from discharge "**any debt**— […] (6) **for** willful and malicious injury . . .". § 523(a)(6) (emphasis added). Nothing in the Complaint suggests that Adalian's debt to Jou is for willful and malicious injury; rather, the debt was created when Adalian borrowed money from Jou in 1991 and 1992. Actions taken later which may have made repayment of the initial debt more difficult cannot make the debt itself one for willful and malicious injury. In sum, I find that the Complaint fails to state a claim under § 523(a)(6) and the Motion to Dismiss is granted as to this count.

### D.    Counts Objecting to Discharge Under § 727

Counts four, five and six of the Complaint seek to deny Adalian's discharge under § 727(a)(3), (4), and (5). Frequently, the Bankruptcy Code's purpose has been described as to provide, the honest but unfortunate debtor a fresh start. See, *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367, 127 S. Ct. 1105, 1107, 166 L. Ed. 2d 956 (2007); *Grogan v. Garner*, 498 U.S. 279, 286, 111 S. Ct. 654, 659, 112 L. Ed. 2d 755 (1991); and, *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). Obtaining a discharge in

13

bankruptcy is a privilege, and not a right, and is thus reserved to honest debtors who deal fairly with the court and their creditors. *In re Spitko*, 357 B.R. 272, 298 (Bankr. E.D.Pa. 2006). Denying a debtor's discharge, is an extreme step and which is not be taken lightly. *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir. 1993). Consequently, objections to discharge under § 727 are liberally construed in favor of debtors. *Id.* Comporting with this, "the plaintiff has the burden of proving the objection." Fed. R. Bankr. 4005. The objection to discharge must be proven by a preponderance of the evidence. *In re Spitko* at 298, (citing *In re Adams*, 31 F.3d 389, 393–94 (6th Cir. 1994)). With this standard in mind I will address counts four, five and six of the Complaint.

### 1.      Count Four, Objection to Discharge Under § 727(a)(3)

Section 727(a)(3) provides that the court shall grant the debtor a discharge, unless:

> the debtor has concealed, destroyed, mutilated, falsified, or failed
> to keep or preserve any recorded information, including books,
> documents, records, and papers, from which the debtor's financial
> condition or business transaction might be ascertained, unless such
> act or failure to act was justified under all of the circumstances.

11 U.S.C. § 727(a)(3). Consistent with the reservation of discharge to honest debtors, this section requires a debtor to produce enough information for creditors to determine and track the debtor's financial and business transactions. See *In re Jackson*, 453 B.R. 789, 796 (Bankr. E.D.Pa. 2011). The objecting party must show, beyond a preponderance of the evidence that (1.) the debtor failed to maintain and preserve adequate records and (2.) this failure to maintain makes it impossible to ascertain the debtor's financial condition and material business transactions. *Id*; see also *In re Stumpf*, 2011 WL 503868, *6 (Bankr. M.D.Pa. 2011). The

14

section does not require any showing of intent. See *Stumpf*, at \*6, In re Conde, 386 B.R. 577, 583 (Bankr. W.D. Pa. 2008).

Once a creditor has shown the inadequacy of the debtor's records, the burden shifts to the debtor to provide an adequate justification for the failure to keep or preserve records. *Jackson* at 797, citing *In re Ryan*, 285 B.R. 624, 631 (Bankr. W.D.Pa. 2002). The adequacy of the records may vary depending upon the sophistication, education, experience, and extent of the debtor's financial activities. *Ryan* at 630-1 and *Stumpf* at \*6. Courts have found that "sudden and large dissipation of assets, coupled with a lack of books and records will provide a basis for denial of a discharge under this section." *Stumpf* at \*6, quotation omitted. Additionally, "[v]ague and indefinite explanations of losses that are not corroborated by documents and the like will not suffice." *Conde*, at 583 quoting *Meridian Bank v. Alten*, 958 F.2d 1226, 1233 (3d Cir. 1992). And, while not alone dispositive, "a debtor's failure to file timely tax returns—especially for several years in a row—is a blatant example of a failure to maintain adequate records." *In re Womble*, 289 B.R. 836, 858 (Bankr. N.D.Tex. 2003); see also, *In re Spitko*, 357 B.R. 272, 310 (Bankr. E.D.Pa. 2006).

The litany of allegations purporting to support a denial of discharge under § 727(a)(3) are found in paragraphs 110 through 162 of the Complaint. Among other things, Jou has alleged that Adalian has:

• failed to file personal federal or state tax returns since 2000;

• failed to ever file tax returns for his wholly owned corporation International Telephone Services, Inc., which was incorporated in Nevada on September 25, 2002;

15

- testified that he received a note payable to him for $95,000.00, but has no records of the transaction and cannot even remember who owed him the money;

- no records of SCV Development, a California Partnership, in which he is the general partner;

- no records of the sale of several parcels of residential and commercial real property in California;

- no records of multiple non-arm's length transactions involving real property in Pennsylvania; and,

- very limited records showing "loans" to his wholly owned corporation, International Telephone Services, Inc.

Again, at this stage, I assume the truth of well plead facts. These allegations are more than sufficient to support a cause of action under § 727(a)(3). The Motion to Dismiss the fourth count of the Complaint is denied.

### 2. Count Five, Objection to Discharge Under § 727(a)(4)

The Complaint's fifth count alleges that the Debtor's discharge should be denied under § 727(a)(4)(A) and (C), which states:

> (a)     The court shall grant the debtor a discharge, unless—
>
> (4) the debtor knowingly and fraudulently, in or in connection with the case--
>
> (A) made a false oath or account;
> [...]
>
> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money,

16

property, or advantage, for acting or
forbearing to act; or …

§ 727(a)(4)(A) and (C).

Under § 727(a)(4)(A), the objector must prove by a preponderance of the evidence that (1) the debtor made a false oath or statement; (2) the debtor knew the statement was false; (3) the debtor made the statement with the intent to deceive; and, (4) the statement was material to the bankruptcy case. *In re Von Kiel*, 461 B.R. 323, 340 (Bankr. E.D.Pa. 2012), citing *Strominger v. Giquinto (In re Giquinto)*, 388 B.R. 152, 178 (Bankr. E.D.Pa. 2008). The purpose of § 727(a)(4)(A) is to ensure that the debtor puts reliable information in the hands of those interested in the administration of the bankruptcy estate to alleviate any need for costly, exhaustive investigations to discern the truth of the debtor's financial condition. *In re Spitko* at 313. "The bankruptcy process depends upon the complete and candid disclosure of assets, income, expenses and liabilities of the debtor." *Id.* This section applies to both the debtor's sworn oaths and unsworn declarations under penalty of perjury, such as those made by a debtor on the Schedules and the Statement of Financial Affairs. See *Von Kiel* at 340, and *In re Ciotti*, 448 B.R. 694, 703-04 (Bankr. W.D.Pa. 2011). However, "a false oath is not actionable thereunder unless it was 'knowingly and fraudulently made.'" *In re Barbe*, 466 B.R. 737, 745 (Bankr. W.D.Pa. 2012), citing 6 Collier on Bankruptcy, ¶ 727.04[1][a] at 727–36.

To sustain an objection to discharge under § 727(a)(4)(C), the objecting party must establish both; (1.) knowledge and a fraudulent intent on the part of the debtor; and, (2.) receipt of, or an attempt to obtain, or the giving or offering of, money, property or advantage, or a promise of these, for a purpose, namely, action or forbearance in the case in which the offender

17

is a debtor. *In re Stokes*, 451 B.R. 44, 87 (Bankr. D. Mont. 2011), citing 6 Collier on Bankruptcy ¶ 727.06 (16th ed. 2010). Collier explains that this section:

> . . . covers any "extortion," even using that word in a broad, general sense, and bribery. It also covers an attempt to extort, and an attempt to bribe. [… the section] clearly contemplates the denial of a discharge to debtors who accept a "bribe," i.e., money or property, advantage or a promise of these for acting or forbearing to act in or in connection with the case. It also includes the giving or offering of a bribe by the debtor.

*Id.*

The allegations with respect to § 727(a)(4) are found in paragraphs 163 through 173 of the Complaint. Jou has plead that Adalian failed to accurately answer questions on his Schedules and Statement of Financial Affairs. Jou alleges that Adalian indicated on his Schedules that every tax entity was owed the sum of $1.00 and that he subsequently testified that the amounts were in excess of $1.00. Jou also alleges that Adalian failed to include several loans to his company International Telephone Services, on his Schedule B, and likewise failed to list disclose his interest in SCV Development on his Statement of Financial Affairs. And, accordingly, his discharge should be denied because he made a false oath when he signed a declaration attesting to the accuracy of his Schedules. Jou additionally reserves the opportunity to include further allegations which may come to light during the course of this proceeding concerning the Debtor's oath in his 2004 exam or with regard to future production of documents. After review, I find that the Complaint pleads sufficient facts to state a claim under § 727(a)(4)(A). While no specific allegation of an intent to deceive has been made, I find the alleged false statements are specific enough to allow an inference of intent to deceive. Accordingly, the Motion to Dismiss count five is denied with respect claims under §

18

727(a)(4)(A).  On the other hand, I have found nothing in the Complaint which raises any

allegations under § 727(a)(4)(C), relating to extortion or bribery by Adalian.  Thus, I will grant

the Motion to Dismiss count five to the extent that it is based on § 727(a)(4)(C).

### 3.      Count Six, Objection to Discharge Under § 727(a)(5)

The final count of the Complaint requests a denial of discharge under § 727(a)(5).  Under

this section, discharge may be denied if the debtor fails to satisfactorily explain a loss or

deficiency of assets. 11 U.S.C. § 727(a)(5).  Similar in purpose to §§  727(a)(3) and (4), the

purpose of § 727(a)(5) is to  require a debtor to make a full and complete disclosure of his or her

finances in order to obtain the privilege of a discharge, the burden of discovering assets may not

be placed upon others.  See *In re Grammenos*, --- B.R. ---, 2012 WL 993752, *12 (Bankr.

D.N.J., 2012) citing *Carter Eng'g Co. v. Carter (In re Carter)*, 236 B.R. 173, 180 (Bankr.

E.D.Pa. 1999).  The creditor must first establish a loss or deficiency of assets, and then the

burden shifts to the debtor to provide a satisfactory explanation.  *Grammenos* at *12.  This

section does not have any requirement of a showing of fraud or intentionality.  *Id.*, see also *In re

Burrik*, 459 B.R. 881, 896 (Bankr. W.D.Pa. 2011).

Once a loss or deficiency of assets has been established, "[a] bankruptcy judge has 'broad

power to decline to grant a discharge where the debtor does not adequately explain a shortage,

loss or disappearance of assets.'" *In re Jacobs*, 381 B.R. 147, 167–168 (Bankr. E.D.Pa. 2008).

The court has discretion to determine whether an explanation is satisfactory.  *Id.*  "'The

explanation must appear reasonable such that the court no longer wonders what happened to the

assets.'" *Id.*, (citing *In re Shepherd*, 2005 WL 4147868, *3 (Bankr. D.Kan. 2005)).

19

The allegations related to this count are found in paragraphs 174 through 183 of the Complaint. Jou has pled that Adalian signed a $500,000.00 note in favor of Jeff McDaniel on September 6, 2006. Yet, Adalian has no copy of the note and could not explain by whom or for what purpose the money was used. Nevertheless, the entire amount with interest was repaid in June of 2010 and without the note there is no way to determine, what rights of contribution Adalian may have against other parties. Jou has also alleged, that Adalian made two loans to his wholly owned company International Telephone Services in the amounts of $7,000.00 and $5,000.00. Again, Adalian can allegedly provide no explanation of the disposition of the funds or explain why his company is not obligated to repay him. Finally, Jou alleges that Adalian has testified receiving a note assigned and payable to him in the amount of $95,000.00, but he is unable to recall who owed him the money and he has testified that he has no record of the transaction. With these allegations, I find that Jou has sufficiently plead a cause of action under § 727(a)(5). The Motion to Dismiss this count is denied.

## IV.    Conclusion

Consistent with the reasoning given above, the Motion to Dismiss is Granted as to Counts One and Three of the Complaint and is Denied as to Counts Two, Four and Six. As to Count Five, the Motion is Granted inasmuch as the count is based on § 727(a)(4)(C), and Denied to the extent that it is based on § 727(a)(4)(A). Jou is granted leave to amend the Counts which were dismissed. If he chooses to do so, Jou may file an amended complaint within twenty-one (21) days of the date of this Opinion. Adalian shall then file a responsive pleading to any subsequently amended complaint within twenty-one (21) days. If no subsequent amended

complaint is filed, Adalian shall answer Counts Two, Four, Five and Six of the Complaint within forty-two (42) days of the date of this Opinion.

An Order will follow.

By the Court,

_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

Date: June 7, 2012